**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C. Henry Ekweani and Ijeamaka Ekweani, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Maricopa County Sheriff's Office; Sheriff Joe Arpaio; Deputy David Campbell; Deputy Kenneth Martinez; Sergeant Jerry Bruen; Maricopa County; Maricopa County Board of Supervisors; David R. Smith, County Manager; Maricopa County Attorney's Office; Andrew P. Thomas, County Attorney; Deputy County Attorney Beth Ann Humm; Deputy County Attorney Lisa Kiser; Jane Does I-III; John Does I-III,<br><br>Defendants. | No. CV-08-1551-PHX-FJM<br><br>**ORDER** |

Plaintiffs C. Henry Ekweani ("C. Ekweani") and Ijeamaka Ekweani ("I. Ekweani") bring this action for violations of federal and state laws against the Maricopa County Sheriff's Office ("MCSO"), Sheriff Joe Arpaio, Deputy David Campbell, Deputy Kenneth Martinez, Sergeant Jerry Bruen, Maricopa County, the Maricopa County Board of Supervisors ("MBOS"), County Manager David Smith, the Maricopa County Attorney's Office ("MCAO"), County Attorney Andrew Thomas, Deputy County Attorney Beth Ann Humm, and Deputy County Attorney Lisa Kiser (collectively, "defendants"). We have before us defendants' motion to dismiss (doc. 15), plaintiffs' response (doc. 16), and

1  defendants' reply (doc. 18). We also have before us plaintiffs' motion for leave to file a
2  surreply and proposed surreply (docs. 19 & 20), defendants' response (doc. 21), and
3  plaintiffs' reply (doc. 22).

4  As an initial matter, we deny plaintiffs' motion for leave to file a surreply. The local
5  rules of civil procedure provide for a motion, response, and reply, and we see no need to
6  extend beyond that point in this case. LRCiv. 7.2. We remind the parties that we will not
7  consider any issues or evidence identified for the first time in defendants' reply brief. Gadda
8  v. State Bar of Cal., 511 F.3d 933, 937 n.2 (9th Cir. 2007).

## I-Background

10  In the early morning of August 22, 2007, MCSO deputies Campbell and Martinez
11  stopped the Ekweanis for a routine traffic violation. Campbell and Martinez impounded
12  plaintiffs' vehicle on the belief that both parties were too impaired to drive. After
13  impounding the vehicle, the deputies returned plaintiffs to their home, but refused to return
14  their keys. Plaintiffs called MCSO emergency and non-emergency numbers for assistance,
15  and Campbell and Martinez were dispatched to plaintiffs' home. When they arrived,
16  Campbell allegedly struck C. Ekweani without provocation and took C. Ekweani into
17  custody. After the deputies left with her husband, I. Ekweani called the MCSO to report the
18  incident. Sergeant Bruen and Deputy Martinez then went to plaintiffs' house and arrested
19  I. Ekweani.

20  Both plaintiffs were charged with making a false report to law enforcement and C.
21  Ekweani was also charged with resisting arrest. Although no action was taken on the charges
22  of making a false report, C. Ekweani was indicted by a grand jury on the charge of resisting
23  arrest. After a hearing during which the judge allegedly indicated that he would likely rule
24  against the state on a Rule 20, Ariz. R. Crim. P., motion if the case proceeded to trial, Deputy
25  County Attorney Humm moved to dismiss the case without prejudice. The motion was
26  granted but Humm later refiled the case against C. Ekweani with an additional charge of
27  harassment.

1   The Ekweanis bring this action alleging claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, Article 2 of the Arizona Constitution, and state tort law. Defendants move to dismiss defendants Thomas, Humm, Kiser, Smith, MCSO, MCAO, and MBOS. They also move to dismiss plaintiffs' claims under 42 U.S.C. §§ 1985 and 1986 (counts IV and V) and plaintiffs' state law claims (counts VI - IX and XI - XVI). Plaintiffs agree to dismiss Thomas, Kiser, Smith, and MBOS, but contest the motion to dismiss as to all other defendants and claims.

**II-Humm**

Defendants argue that Deputy County Attorney Humm should be dismissed from this action because she is entitled to absolute prosecutorial immunity. A prosecutor is absolutely immune from suit for activities that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995 (1976). However, a prosecutor is only entitled to qualified, not absolute, immunity when acting as an "administrator or investigative officer" rather than as an advocate. Id.

Plaintiffs argue that Humm is not entitled to absolute immunity because she acted as a legal advisor to the MCSO, not an officer of the court, when she decided to refile the case against C. Ekweani. We disagree. To determine whether Humm is entitled to absolute immunity, we must look to the "nature of the function performed." Buckley v. Fitzsimmons, 509 U.S. 259, 269, 113 S. Ct. 2606, 2613 (1993). The decision to prosecute an accused is at the core of the prosecutor's role as an advocate. Humm is, therefore, entitled to absolute prosecutorial immunity and is dismissed from this action.

**III-MCSO and MCAO**

Defendants claim that MCSO and MCAO must be dismissed because they are non-jural entities. Governmental bodies have only the powers provided them by their enabling statutes. See Schwartz v. Superior Court, 186 Ariz. 617, 619, 925 P.2d 1068, 1070 (Ct. App. 1996); Ricca v. Bojorquez, 13 Ariz. 10, 13, 473 P.2d 812, 815 (Ct. App. 1970). Although the Arizona legislature specifically designated the county as a political subdivision with authority to sue and be sued, it did not make the same designation with respect to MCSO or

1  MCAO. A.R.S. § 11-201. Rather, the offices of the county sheriff and county attorney are
2  simply administrative subdivisions of the county. Accordingly, MCSO and MCAO are
3  dismissed as non-jural entities.

## IV-42 U.S.C. §§ 1985 and 1986

5  Defendants argue that plaintiffs' 42 U.S.C. §§ 1985 and 1986 claims must be
6  dismissed because plaintiffs have failed to allege that they were discriminated against
7  because of their membership in a protected class. Plaintiffs seek leave to amend their
8  complaint to allege that they are members of a protected class–out of state residents. Section
9  1985 protects against discrimination toward classes other than race "only when the class in
10 question can show that there has been a governmental determination that its members
11 'require and warrant special federal assistance in protecting their civil rights.'" Schultz v.
12 Sunberg, 759 F.2d 714, 718 (9th Cir. 1985) (quotation omitted). Plaintiffs must be members
13 of a class that "either the courts have designated . . . a suspect or quasi-suspect classification
14 requiring more exacting scrutiny or that Congress has indicated through legislation that the
15 class required special protection." Id. Moreover, "[a] claim can be stated under § 1986 only
16 if the complaint contains a valid claim under § 1985." McCalden v. Cal. Library Ass'n, 955
17 F.2d 1214, 1223 (9th Cir. 1990) (quotation omitted).

18 Plaintiffs rely on Saenz v. Roe, 526 U.S. 489, 119 S. Ct. 1518 (1999), for the
19 proposition that the right to interstate travel is constitutionally-protected. Saenz does not,
20 however, address whether out of state residents are a suspect or quasi-suspect class that
21 requires special protection. To the contrary, courts that have considered this issue have
22 concluded that out of state residents are not a protected class under Section 1985. See Upah
23 v. Thornton Dev. Auth., 632 F. Supp. 1279, 1281 (D. Colo. 1986) ("A class composed of
24 nonresidents is not, however, within the protection of § 1985(3)"); Ford v. Green Giant Co.,
25 560 F. Supp. 275, 277 (W.D. Wash. 1983). We agree with these courts and conclude that
26 granting plaintiffs leave to amend would be futile. Because plaintiffs have not sufficiently
27 alleged that they were discriminated against because they are members of a protected class,
28 their claims under 42 U.S.C. §§ 1985 and 1986 are dismissed.

## V-State law claims

Defendants contend that plaintiffs' state law claims must be dismissed because plaintiffs did not comply with Arizona's notice of claims statute, A.R.S. § 12-821.01(A). To maintain an action against a public entity or public employee, a prospective plaintiff must file notice of a claim within 180 days of the accrual of the cause of action. <u>Id.</u> "The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." <u>Id.</u> The claim must also include "a specific amount for which the claim can be settled and the facts supporting that amount." <u>Id.</u> Both plaintiffs filed a notice of claims, but defendants contend that: (1) plaintiffs' notices of claims were filed out of time; and (2) plaintiffs have brought legal claims not described by their notices.

First, although plaintiffs notices were filed 181 days after their claims accrued, they were timely because the last day of the 180 day period was a holiday. Arizona law provides that "the time in which an act is required to be done shall be computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded." A.R.S. § 1-243(A). The act may then "be performed on the next ensuing business day with the effect as though performed on the appointed day." A.R.S. § 1-303. Because the last day of the 180 day period for notice was February 18, 2008, the Presidents' Day holiday, plaintiffs' notices filed on the next business day, February 19, 2008, are timely.

Finally, defendants argue that, even if the notices of claims are timely, plaintiffs' claims for violation of the Arizona Constitution, abuse of process, conspiracy, and intentional infliction of emotional distress must be dismissed because they were not included in their notices. Although plaintiffs' notices do not specifically list these four legal theories, the notices advise that they are not limited to the legal theories listed. <u>Response, Exs. 4 & 5</u>. The purpose of a notice of claim is to "allow the public entity to investigate and assess liability," permit "the possibility of settlement prior to litigation," and facilitate "financial planning and budgeting." <u>Deer Valley Unified Sch. Dist. No. 97 v. Houser</u>, 214 Ariz. 293, 295, 152 P.3d 490, 492 (2007) (quotation omitted). Plaintiffs' notices contained all of the operative facts, the amounts for which the claims may have been settled, and facts to support

- 5 -

the amounts requested. <u>Response, Exs. 4 & 5</u>. Because the notices provided sufficient facts for defendants to understand the bases upon which liability is now claimed, plaintiffs may bring all of their claims arising out of the operative facts.

### VI-Conclusion

Accordingly, **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendants' motion to dismiss (doc. 15). Plaintiffs' 42 U.S.C. §§ 1985 and 1986 claims (counts IV and V) and defendants Thomas, Humm, Kiser, Smith, MCSO, MCAO, and MBOS are dismissed. All other parties and claims remain.

**IT IS FURTHER ORDERED DENYING** plaintiffs' motion for leave to file a surreply (doc. 19).

DATED this 8th day of April, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge